Strong v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-218-CR

     DANNY LEE STRONG,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,346
                                                                                                    

O P I N I O N
                                                                                                    

      Danny Lee Strong was convicted of felony escape for which the jury assessed punishment at
99 years and a $10,000 fine. See Tex. Penal Code Ann. § 38.07 (Vernon 1989). In his only
point of error, Strong asserts that the court erred in allowing him to be seen in "prison garb and
shackles" prior to trial.
      Strong was being brought to the courtroom in prison clothes and shackles when he was seen
by Frank W. Price, a member of the jury panel who was not selected for the jury. Strong objected
to being in "prison garb." The judge overruled the objection, but allowed Strong to change
clothes almost immediately. There is no evidence in the record that the jury panel was in the
courtroom before Strong changed clothes. In a post-trial affidavit, Price said two other veniremen
were with him when he saw Strong, one of whom—Bill Marrs—was selected for the jury. Price
did not say, however, that he or Marrs talked about seeing Strong or even that Marrs actually saw
Strong.
      We recognize that an accused should not be compelled to go to trial in prison or jail clothing
because it might impair the presumption of innocence. Estelle v. Williams, 425 U.S. 501, 505,
96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976). Likewise, the constitutional presumption of
innocence is infringed when the jury sees the accused in shackles. Long v. State, 823 S.W.2d 259,
282 (Tex. Crim. App. 1991). However, a momentary, inadvertent, and fortuitous encounter
outside of the courtroom between a handcuffed accused and potential jurors does not necessarily
call for a mistrial or reversal. Clark v. State, 717 S.W.2d 910, 919 (Tex. Crim. App. 1986). 
Strong, in prison clothes and shackles, was seen briefly in the hallway outside the courtroom. 
There is no evidence that this was discussed by any of the jurors. Also, Strong presented no
evidence that the one venireman who eventually became a juror was influenced by seeing Strong
nor even that he actually saw Strong.
      Finally, even if one of the jurors did see Strong in prison clothes or shackles, we find beyond
a reasonable doubt that the error did not contribute to the conviction or punishment. See Tex. R.
App. P. 81(b)(2). This trial was about a felony escape. The prosecution was allowed to tell the
jury, without objection, that Strong currently was incarcerated in a state penitentiary. A
momentary sighting of Strong in prison clothes or shackles could do no more harm than the jury's
knowing that he was incarcerated.
      We overrule Strong's point and we affirm the judgment. 
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 22, 1992
Do not publish